UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8720 PA (Ex) | Date | November 14, 2014 |
|---|---|---|---|
| Title | Satinder Lall v. Laboratory Corp. of America, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Julieta Lozano | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a Notice of Removal filed by defendants Laboratory Corporation of America ("LabCorp"), Antoinette Hampton, and Michael Weigand (collectively "Defendants") on November 10, 2014. Defendants assert that the Court has jurisdiction over this action, brought by plaintiff Satinder Lall ("Plaintiff"), based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332. Plaintiff originally commenced this action in Los Angeles Superior Court on October 16, 2013.

"Federal courts are courts of limited jurisdiction," having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)), amended by 387 F.3d 966 (9th Cir. 2004). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." See, e.g., Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8720 PA (Ex) | Date | November 14, 2014 |
|---|---|---|---|
| Title | Satinder Lall v. Laboratory Corp. of America, et al. | | |

  To remove an action from state to federal court, a defendant must also comply with the procedural requirements for removal. These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1); see also Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("[A] proper removal notice must be filed within 30 days of service of the plaintiff's complaint."). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Diversity cases where the initial pleading is not removable "may not be removed . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

  In their Notice of Removal and their Memorandum of Points and Authorities in Support of Notice of Removal (collectively "Notice of Removal"), Defendants assert that Plaintiff disclosed during her deposition on September 26, 2014, that she knew of no facts to support her defamation claim against defendants Hampton and Weigand. According to Defendants' counsel, they obtained a copy of the deposition transcript on October 21, 2014. Defendants additionally contend that the California Family Rights Act ("CFRA") claim against Hampton fails as a matter of law because that CFRA claim may only be brought against an employer, not an individual supervisor. Defendants' Notice of Removal therefore states that the citizenship of Hampton and Weigand, which is not diverse from Plaintiff's citizenship, should be disregarded, because Hampton and Weigand have been fraudulently joined in this action to defeat diversity jurisdiction. If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

  "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42–43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8720 PA (Ex) | Date | November 14, 2014 |
|---|---|---|---|
| Title | Satinder Lall v. Laboratory Corp. of America, et al. | | |

cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

Even if Plaintiff herself has no evidence to support her defamation claim against Hampton and Weigand, the Court cannot conclude, based on this record, that they are fraudulently joined. There may be other witnesses or evidence that substantiates Plaintiff's defamation claim. At least at this stage, with nothing more than selections from the deposition of one potential witness to support Defendants' arguments, Defendants have failed to carry their "heavy burden of persuasion" to establish fraudulent joinder. Plete, 141 F. Supp. 2d at 1008. Defendants' citations to Federal Rule of Civil Procedure 11 do not change this analysis. Plaintiff commenced and has litigated this action in state court. Rule 11 has not applied to this action until the filing of the Notice of Removal. The Court therefore concludes that Defendants have failed to establish Hampton and Weigand have been fraudulently joined. As a result, Defendants have not satisfied their burden to establish this Court's diversity jurisdiction.

The Notice of Removal is also procedurally defective. Specifically, the Notice of Removal is untimely. According to Defendants' counsel, they obtained the evidence from Plaintiff's deposition on September 26, 2014, and received the transcript from that deposition on October 21, 2014. Plaintiff's deposition may satisfy 28 U.S.C. § 1446(b)(3)'s "other paper" requirement. "A majority of the federal district courts have not required receipt of an actual written document. Instead, they have held that a discovery deposition does satisfy the requirement." Huffman v. Saul Holdings Ltd., 194 F.3d 1072, 1078 (10th Cir. 1999) (collecting cases). However, although deposition testimony may satisfy the "other paper" requirement, the 30-day period within which a defendant must file a Notice of Removal begins to run when the witness testifies, not when a transcript is delivered. Id. ("Because the applicable rule of civil procedure does not provide a deadline for obtaining a transcript of a deposition, the date of receipt of a transcript may also be subject to manipulation. Accordingly, the removal period commences with the giving of the testimony, not the receipt of the transcript."). Because Plaintiff's deposition occurred on September 26, 2014, and Defendants did not file their removal until November 10, 2014, Defendants failed to timely remove the action within 30 days of the event they contend provided them with an opportunity to remove.

Finally, Defendants' November 10, 2014 removal of this action occurred more than one year after Plaintiff commenced this action on October 16, 2013. Because Defendants contend that the action was not removable based on the initial pleading, 28 U.S.C. § 1446(c)(1)'s one-year limit on diversity removals applies. Although the one-year limit does not apply if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action," the Court makes no such finding here. At most, based on the record before the Court, Plaintiff asserted a state law claim in state court for which she hoped to later obtain supporting evidence. This does not show the type of bad faith manipulation "to prevent a defendant from removing the action" that would justify an exception to the one-year limit on diversity removals. 28 U.S.C. § 1446(c)(1); see also Ehrenreich v. Black, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014) ("[I]t is far from clear that the 'bad faith' and 'fraudulent joinder' standards are one and the same . . . ."); id. ("The 'bad faith' exception under § 1446 governs the timing of removal."). Instead, "bad faith" must ordinarily include evidence that "the plaintiff has engaged in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8720 PA (Ex) | Date | November 14, 2014 |
|---|---|---|---|
| Title | Satinder Lall v. Laboratory Corp. of America, et al. | | |

strategic gamesmanship to prevent a defendant's removal from state court." Id.; see also Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1317-18 (9th Cir. 1998) (discussing the practice of courts construing the former version of the applicable provisions of § 1446 and using "equitable estoppel doctrines to permit removal . . . after one year has passed . . . to ameliorate the fact that . . . a plaintiff need only file an action in state court and then wait one year before service, if he wishes to deprive the defendant of the ability to remove under any circumstances.").

    For all of the foregoing reasons, the Court concludes that Defendants have failed to establish this Court's subject matter jurisdiction. Moreover, even if the Court did possess diversity jurisdiction over this action because Hampton and Weigand were fraudulently joined, the Notice of Removal is nevertheless untimely and, as a result, procedurally defective. See 28 U.S.C. § 1446(b) & (c). Although Defendants' failure to establish the Court's subject matter jurisdiction is not waivable, Plaintiff may waive the procedural defects. If Plaintiff wishes to waive the procedural defects, it must file a Notice of Waiver of Procedural Defects no later than November 20, 2014. If Plaintiff does not do file such a Notice, the Court will conclude that Plaintiff has not waived the procedural defects. After that date, the Court will remand this action for lack of subject matter jurisdiction and, if Plaintiff has not waived the procedural defects, for Defendants' failure to comply with the procedural requirements for removal.

    IT IS SO ORDERED.